UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARION ECHOLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21CV602 HEA |
| | ) |
| COURIER EXPRESS ONE, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Rule 11 Sanctions, [Doc. No. 31], which the Plaintiff opposes.  For the reasons set forth below, the Court concludes sanctions are not appropriate, and Defendant's Motion for Rule 11 Sanctions will be denied.

**Background**

Plaintiff filed this action in state court alleging violations of the Missouri Human Rights Act for Race, Color and Sex Discrimination. Plaintiff alleges that Defendant treated him less favorably than other similarly situated employees based on such discrimination. Defendant removed the case to this Court, and a Case Management Order (CMO) was issued, which ordered that all motions for joinder of additional parties or amendment of pleadings shall be filed no later than July 30, 2021.

On August 24, 2021, Plaintiff filed a Motion to Amend Case Management Order, stating that the current schedule had not allowed him the necessary time to review the discovery and decide whether to add a party or amend his pleadings, which Defendant opposes. On September 1, 2021, Plaintiff filed a Motion for Leave to Amend and Joinder to Add Party and Remand, requesting to add an additional Defendant and to remand the case to St. Louis County, which Defendant opposes.

On October 4, 2021, Defendant filed the instant motion for Rule 11 Sanctions because Plaintiff's Motion for Leave to Amend and Joinder to Add Party and Remand is frivolous, violates Court deadlines, and incorrectly applies the rules and legal standards. Defendant requests the Court to award its expenses and reasonable attorneys' fees, including those incurred in bringing the instant motion. Plaintiff opposes the motion, asserting that his motions were brought in the interest of justice, and that Rule 11 Sanctions are not appropriate since his motions were not frivolous in nature. Defendant replies that Plaintiff's Response fails to address Defendant's basis for sanctions, which is for unsupported legal arguments, and maintains that Plaintiff's Motion is frivolous.

## Legal Standard

Federal Rule of Civil Procedure 11(b)(2) provides that when an attorney "present[s] to the court a pleading, written motion, or other paper," he or she

2

"certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney . . . that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). The court may *sua sponte* order an attorney "to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed. R. Civ. P. 11(c)(3).

The standard under Rule 11 is whether the attorney's conduct, "'viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'" *Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1009 8th Cir. 2006) (quoting *Perkins v. Spivey*, 911 F.2d 22, 36 (8th Cir. 1990)). The main purpose of Rule 11 "is to deter baseless filings. . . . Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (quoting Fed. R. Civ. P. 11 (1990)).

3

## Discussion

Here, Plaintiff's conduct is not an intentional or reckless disregard of his duties to the court. Plaintiff explained the reasons for filing his motions, which the Court accepts as reasonable and convincing to the Court that Plaintiff is not attempting to present baseless filings or act improper. In Plaintiff's Motion to Amend Case Management Order filed on August 24, 2021, he states that the CMO issued had not allowed him the necessary time to review the discovery and decide whether to add a party or amend his pleadings. The case has not been pending for a in ordinate period of time and is fairly new as it was filed on May 25, 2021. Plaintiff then filed his Motion to add an additional Defendant for judicial efficiency and to remand the case to St. Louis County based on lack of jurisdiction on September 1, 2021. Rule 11 Sanctions are not the appropriate remedy for Defendant's attempt to cure what he believes are defective pleadings. Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed by other legally cognizable motions. Defendant filed responses in opposition to both of Plaintiff's Motions, which are currently pending.

## Conclusion

Based on the foregoing, the Court finds that Plaintiff's Motions are not frivolous, and therefore Rule 11 sanctions are not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Rule 11 Sanctions, [Doc. No. 31], is **DENIED**.

Dated this 8th day of November, 2021.

                                      HENRY EDWARD AUTREY
                                  UNITED STATES DISTRICT JUDGE