UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARION ECHOLS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    Case No. 4:21CV602 HEA |
| | ) |
| COURIER EXPRESS ONE, INC., | ) |
| | ) |
|     Defendant. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court *sua sponte*, following a Status Conference held on November 30, 2021.  For the reasons set forth below, the Court will vacate its November 24, 2021 Docket Text Order granting Plaintiff's Motion for Leave to Amend And Join To Add Party as improvidently entered [Doc. No. 46], Plaintiff's First Amended Complaint will be stricken from the record and Plaintiff's Motion for Leave to Amend And Join To Add Party and Remand [Doc. No. 27] will be denied. This matter is also before the Court on Plaintiff's First Motion to Remand [Doc. No. 16], which will be denied, and Plaintiff's Motion to Amend/Correct Case Management Order [Doc. No. 24], which will be denied as moot.

**Background**

On April 30, 2021, Plaintiff filed a Petition in the Circuit Court of St. Louis County, Missouri, against Defendant for violations of the Missouri Human Rights

Act, R.S.Mo § 213.055, for Race, Color and Sex Discrimination. Plaintiff alleges that Defendant treated him less favorably than other similarly situated employees based on such discrimination by denying him promotions, flexibility in his duties, and subjecting him to a hostile work environment.

On May 25, 2021, Defendant removed the matter to this Court. Defendant based removal on diversity jurisdiction, which requires complete diversity of citizenship among the litigants and an amount in controversy greater than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

On June 24, 2021, Plaintiff filed a Motion to Remand to state court, alleging that the amount in controversy was not greater than $75,000 as Plaintiff's petition seeks less than $74,000. Plaintiff also alleges there is not complete diversity of citizenship among the litigants.

On September 1, 2021, Plaintiff filed a Motion for Leave to Amend and Joinder to Add Party and Remand, requesting to add an additional Defendant and to remand the case to St. Louis County. Plaintiff sought to add Gregory Phillips as a defendant, alleging one count of assault and one count of negligent infliction of emotional distress against him. Plaintiff's Motion was filed out of time. Motions to Join Parties was ordered due by July 30, 2021. Defendant opposed the motion. On September 1, 2021, Plaintiff also filed a Motion to Amend/Correct Case Management Order, stating that the current schedule had not allowed him the

necessary time to review the discovery and decide whether to add a party or amend his pleadings.

On November 24, 2021, the Court entered a Docket Text Order granting Plaintiff's Motion for Leave to Amend And Join To Add Party. On November 29, 2021, the Court entered a Docket Text Order that the Plaintiff's Motion for Remand remains pending.

On November 30, 2021, the Court held a Status Conference and heard arguments related to Plaintiff's Motion for Remand and Motion for Leave to Amend And Join To Add Party and Remand. During the hearing, the Court also ordered the parties to file a Joint Amended Proposed Scheduling Plan, which was filed on December 6, 2021. On December 9, 2021, an Amended Case Management Order was filed.

## Legal Standard

"The district courts of the United States ... are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotations omitted). Congress has granted "district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens." *Id.* (citing 28 U.S.C. § 1332). However, "[t]o ensure that diversity jurisdiction does not flood the federal courts

with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000." *Id.*

"[A] complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002) (alteration and internal quotations omitted). If the amount in controversy alleged by the party asserting diversity jurisdiction is challenged, "the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005) (internal quotations omitted). Thus, "[t]he district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." *Kopp*, 280 F.3d at 885.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Generally, "[t]he court should freely give leave" to amend pleadings "when justice so requires." Fed.R.Civ.P. 15(a)(2). In cases concerning post-removal amendment

4

and joinder of a nondiverse defendant, close scrutiny of amended pleadings is required. *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009).

Section 1367(a) of Title 28 is a "broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would have original jurisdiction." *Exxon Mobil Corp.*, 545 U.S. at 558. Section 1367(a) makes it clear that "the grant of supplemental jurisdiction extends to claims involving joinder" of additional parties. *Id.* However, a federal court exercising diversity jurisdiction does not have supplemental jurisdiction pursuant to Section 1367(a) "over claims by plaintiffs against persons made parties under Rule 14, 19, 20 or 24" or "over claims by persons proposed to be joined as plaintiffs under Rule 19…when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b).

A district court has "the inherent power to reconsider and modify an interlocutory order any time prior to the entry of judgment." *K.C. 1986 Ltd. P'ship v. Reade Mfg.*, 472 F.3d 1009, 1017 (8th Cir. 2007) (internal quotation marks and citation omitted.) Under Rule 54(b), a court may reconsider an interlocutory order to "correct any clearly or manifestly erroneous findings of fact or conclusions of law." *MacCormack v. Adel Wiggins Grp.*, No. 4:16-CV-414-CEJ, 2017 WL 1426009, at *2 (E.D. Mo. Apr. 21, 2017).

5

## Discussion

**Motion to Remand**

Defendant removed this action asserting the Court has diversity jurisdiction under 28 U.S.C. § 1332, which requires complete diversity of citizenship among the litigants and an amount in controversy greater than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The Court finds the parties are diverse as Plaintiff is a resident and citizen of Missouri, and Defendant is an Illinois corporation with its headquarters and principal place of business in Illinois.

Having established diversity of citizenship, the parties dispute whether the amount in controversy exceeds $75,000, exclusive of interest and costs. In Plaintiff's prayer for relief, he requests less than $74,000 for "personal injuries, for pain and suffering, anguish of mind, together with costs of suit, los[s] of benefit of the bargain, attorney's fees, and such and other and further relief as this Court shall deem proper." Defendant argues that although Plaintiff asks for $74,000, he has not stipulated he will not accept more than $75,000 and that Plaintiff indeed could receive in excess of $75,000. "The jurisdictional fact...is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude they are." *James Neff Kramper Family Farm P'ship*, 393 F.3d at 833 (quoting *Kopp*, 280 F.3d at 885).

Plaintiff may establish the amount in controversy to a legal certainty through a binding stipulation. "Where state law prohibits plaintiffs from specifying damages in their state court complaints, this Court and others in the Eighth Circuit have considered a post-removal stipulation to determine whether jurisdiction has attached" as long as the stipulation clarifies, rather than amends the original pleading. *Toberman v. BPV Market Place Investors, LLC*, No. 4:16–CV–519 (CEJ) (E.D. Mo. Jun. 1, 2016) (*citing Ingram v. Proctor & Gamble Paper Products Co.*, No. 4:11–CV–549 (CAS), 2011 WL 1564060, at *2 (E.D. Mo. Apr. 25, 2011)). Because Plaintiff does not unequivocally aver he will not collect an amount in excess of $75,000, he has "not entered into a binding stipulation that the amount in controversy does not and will not exceed the Court's jurisdictional amount in controversy," nor will he collect any verdict in excess of $75,000, and "Plaintiff's arguments are dubious." *Schmidt v. Flesch*, No. 4:05–CV–1498 (HEA), 2006 WL 1026952, at *2 (E.D. Mo. Apr. 13, 2006).

Because Plaintiff's allegations as to the amount in controversy does not firmly establish that the amount is not in excess of $75,000, Defendant properly removed this matter. If Plaintiff wishes to file an irrevocable certification, binding him in this and any other court, that he will not seek nor accept an amount greater than $75,000, the Court will entertain a renewed motion to remand. Until such time

as an irrevocable certification is filed, this Court has diversity jurisdiction over this matter. The Motion to Remand will be denied.

**Motion for Leave to Amend and Joinder to Add Party**

Plaintiff's First Amended Complaint sought to add Gregory Phillips, alleging one count of assault and one count of negligent infliction of emotional distress against him. Phillips is a resident and citizen of Missouri, who was employed by Defendant as a manager. Plaintiff argues the claims against Phillips are within the same case or controversy, which allows the Court to exercise supplemental jurisdiction over the claims. However, Phillips is a non-diverse party, and Section 1367(b) states that in civil actions proceeding in federal court based solely on diversity jurisdiction under Section 1332, the district court "shall *not* have supplemental jurisdiction" over "claims by plaintiffs against persons made parties under Rule…19, 20" or "over claims by persons proposed to be joined as plaintiffs under Rule 19," if "exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." 28 U.S.C. § 1367(b) (emphasis added). Therefore, Phillips falls within the jurisdictional exclusions in 28 U.S.C. § 1367(b) and may not be joined to a federal action.

**Conclusion**

Based on the foregoing reasons, the Court vacates its November 24, 2021 Docket Text Order granting Plaintiff's Motion for Leave to Amend And Join To Add Party, Plaintiff's First Amended Complaint will be stricken from the record and Plaintiff's Motion for Leave to Amend And Join To Add Party and Remand will be denied. Further, Plaintiff's First Motion to Remand will be denied, and Plaintiff's Motion to Amend/Correct Case Management Order will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that the Court's November 24, 2021 Docket Text Order granting Plaintiff's Motion for Leave to Amend And Join To Add Party [Doc. No. 46] is **VACATED**.

**IT IS FURTHER ORDERED** that Plaintiff's First Amended Complaint [Doc. No. 47] is **STRICKEN.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend And Join To Add Party and Remand [Doc. No. 27] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's First Motion to Remand [Doc. No. 16] is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend/Correct Case Management Order [Doc. No. 24] is **DENIED as moot.**

Dated this 20th day of December, 2021.

                                                _____
                                                HENRY EDWARD AUTREY
                                                UNITED STATES DISTRICT JUDGE