# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARION ECHOLS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )    Case No. 4:21CV602 HEA |
| | ) |
| COURIER EXPRESS ONE, INC., | ) |
| | ) |
|     Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment [Doc. No. 68]. Plaintiff has filed his response in opposition to the Motion. For the reasons set forth below, the Motion will be granted.

## Background

On April 30, 2021, Plaintiff filed a Petition in the Circuit Court of St. Louis County, Missouri, against Defendant for violations of the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.055, for Race, Color and Sex Discrimination. Plaintiff alleges that Defendant treated him less favorably than other similarly situated employees based on such discrimination by denying him promotions, flexibility in his duties, and subjecting him to a hostile work environment. On May

25, 2021, Defendant removed the matter pursuant to the Court's diversity jurisdiction. 28 U.S.C. § 1332(a).[1]

Defendant filed the instant motion, claiming it is entitled to summary judgment on all counts of Plaintiff's Petition because Plaintiff cannot establish the elements of his claims. Defendant also filed its Statement of Material Facts ("SMF"), attaching several exhibits consisting of over two-hundred pages, including declarations in support of its motion and Plaintiff's deposition testimony, employment application, and charge of discrimination. Plaintiff filed an opposition to Defendant's Motion and SMF.[2]

**Summary Judgment Standard**

"Summary judgment is proper where the evidence, when viewed in a light most favorable to the non-moving party, indicates that no genuine [dispute] of material fact exists and that the moving party is entitled to judgment as a matter of law." *Davison v. City of Minneapolis, Minn*., 490 F.3d 648, 654 (8th Cir. 2007); Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable

---

[1] Missouri State Law applies to the substantive issues. *Winthrop Res. Corp. v. Stanley Works*, 259 F.3d 901, 904 (8th Cir. 2001) (A federal court sitting in diversity jurisdiction must apply the substantive law of the forum state).

[2] Plaintiff incorrectly stated that he has the right to amend and intends to amend his Petition to conform with the discovery. The Court's Case Management Order set out these deadlines, which have long passed. Discovery completion was due February 11, 2022, and all motions for joinder of additional parties or amendment of pleadings was to be filed no later than July 30, 2021.

substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Id*. "The basic inquiry is whether it is so one-sided that one party must prevail as a matter of law." *Diesel Machinery, Inc. v. B.R. Lee Industries, Inc.*, 418 F.3d 820, 832 (8th Cir. 2005) (internal quotation marks and citation omitted). The moving party has the initial burden of demonstrating the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (citation omitted). Once the moving party has met its burden, "[t]he nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts and must come forward with specific facts showing that there is a genuine issue for trial." *Id*. (internal quotation marks and citation omitted).

To survive a motion for summary judgment, the "nonmoving party must 'substantiate his allegations with sufficient probative evidence [that] would permit a finding in [his] favor based on more than mere speculation, conjecture, or fantasy.'" *Putman v. Unity Health System*, 348 F.3d 732, 733-34 (8th Cir. 2003) (quoting *Wilson v. Int'l Bus. Machs. Corp.*, 62 F.3d 237, 241 (8th Cir. 1995)). The nonmoving party may not merely point to unsupported self-serving allegations, but must substantiate allegations with sufficient probative evidence that would permit a finding in his or her favor. *Wilson,* 62 F.3d 237, 241 (8th Cir. 1995). "The mere

3

existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson,* 477 U.S. 242 at 252; *Davidson & Associates v. Jung,* 422 F.3d 630, 638 (8th Cir. 2005). "Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Foundation v. Gaines,* 2008 WL 2609197 at *3 (8th Cir. 2008).

## Facts

Plaintiff filed a response in opposition to Defendant's SMF but did not file his own Statement of Material Facts. Plaintiff attached one exhibit to his response, a two-page document titled "Declaration of Marion Echols," (Plaintiff's "affidavit"). Plaintiff cited to Local Rule 4.01(E), disputing the majority of Defendant's SMF, often by non-responsive explanations and arguments, and many that add extraneous information that appears intended to obscure and confuse the record, rather than clarify it. The "concision and specificity required" by rules like Local Rule 4.01(E) "seek to aid the district court in passing upon a motion for summary judgment, reflecting the aphorism that it is the parties who know the case better than the judge." *Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, 1032 (8th Cir. 2007) (citation omitted). The local rule "exists to prevent a district court from engaging in the proverbial search for a needle in the haystack. Courts have

4

neither the duty nor the time to investigate the record in search of an unidentified genuine issue of material fact to support a claim or a defense." *Id*. (internal quotation and citation omitted). The Court disregards these where Plaintiff does not raise genuine disputes of material fact, but will not specifically address each one. On several occasions Plaintiff references his affidavit for his answer, but some of the statements contradict Plaintiff's prior deposition testimony and are not supported by citations to record evidence. "'[It] is black letter summary judgment law that a conclusory, self-serving affidavit will not defeat an otherwise meritorious summary judgment motion.'" *Smith v. Golden China of Red Wing, Inc.,* 987 F.3d 1205, 1209 (8th Cir. 2021)*,* quoting *Keiran v. Home Cap., Inc.,* 858 F.3d 1127, 1132 (8th Cir. 2017); *See Also, Popoalii v. Correctional Medical Services*, 512 F.3d 488, 498-99 (8th Cir. 2008) (generally, a court is required to consider an otherwise admissible affidavit, unless that affidavit contradicts previous deposition testimony); and *Camfield Tires, Inc. v. Michelin Tire Corp.*, 719 F.2d 1361, 1365 (8th Cir.1983) ("[i]f testimony under oath ... can be abandoned many months later by the filing of an affidavit, probably no cases would be appropriate for summary judgment. A party should not be allowed to create issues of credibility by contradicting his own earlier testimony.").

Where Plaintiff establishes a genuine dispute as to a material issue of fact or that a justifiable inference may be drawn in his favor, the Court accepts Plaintiff's version of events as true.

The Court finds the uncontroverted facts as follows:

On May 18, 2018, Plaintiff completed an application for employment with Defendant Courier One Express, a delivery service company that operated in numerous states, including Missouri and Illinois. Defendant's Exhibit A (Plaintiff's Transcript and Exhibits) at 208-214. Shortly after, Plaintiff was hired as a driver to work out of Defendant's St. Louis, Missouri Station, at $14/hour. *Id.* at 215. On June 21, 2019, Plaintiff was injured at work. *Id.* at 216-217. Plaintiff was temporarily assigned to dispatch work as a light duty workers' compensation accommodation between June 21, 2019 and September 3, 2019. *Id.* at 35; Defendant's Exhibit B (Declaration of David Disrud) at 2. There was no difference in pay between a dispatcher and driver. Defendant's Exhibit A at 27. He never received a promotion letter or anything formal that indicated he was being promoted to a dispatcher. *Id.*

In October 2019, Defendant's upper management decided to centralize dispatch work, instead of having a dispatcher at every individual station. Defendant's Exhibit B at 2. This eliminated dispatch positions, except for part-time

6

weekend work, and the responsibility of local dispatch work was assigned to supervisors. *Id.*

Around the time the dispatch positions were eliminated, Erika Day was promoted to Station Supervisor. Defendant Exhibit A at 5, 7, 28, 32. St. Louis Station Manager Gregory Phillips promoted Day to Station Supervisor instead of Plaintiff because he was out of work on extended paid time off. *Id.* at 5, 7, 29, 43-44. As part of her supervisory responsibilities, Day did dispatch work. *Id.* at 32; Defendant's Exhibit B at 2.

On November 10, 2019, Plaintiff sustained another workplace injury and was prescribed light duty restrictions by his doctor. Def Exhibit A at 220, 232-234. This was his third workplace injury in 2019. *Id.* at 222, 224-225. Defendant tried to find full-time light duty work for Plaintiff. Defendant had no positions available. *Id.* at 220. Plaintiff was placed on a leave of absence. *Id.* Two other St. Louis station employees, Shalai Boyd (female) and Darnell Pierce (male) also needed light duty work, but no positions were available for them either. *Id.* at 34.

On January 1, 2020, Plaintiff filed a Charge of Discrimination (COD) against Defendant with the Missouri Commission of Human Rights (MCHR). *Id.* at 235. Plaintiff checked the boxes stating that Defendant discriminated against him because of sex and retaliation. *Id.* In the COD "particulars" area, Plaintiff discusses a sexual harassment complaint he made in July 2019 against Manager Phillips on

7

behalf of a female co-worker; Phillips, who is an African American male, used racial slurs in September 2019; he was replaced by a female employee and that all the dispatchers are women; and in November 2019, Phillips told him that should just leave and find another job, and he would terminate him with a severance payment. *Id.* Plaintiff put on the COD that he believed he was demoted and treated differently out of retaliation for complaining about sexual harassment and racial discrimination, and believes he was demoted due to his sex. *Id.*

On September 2, 2020, Defendant shut down its St. Louis station. Defendant's Exhibit B at 3.

On February 26, 2021, Plaintiff received his MCHR right to sue letter. Defendant's Exhibit A at 158-159. On April 30, 2021, Plaintiff filed a Petition in the Circuit Court of St. Louis County, Missouri, against Defendant for violations of the MCHR for Race, Color and Sex Discrimination. Defendant's Exhibit B at 5. On May 25, 2021, Defendant removed the matter pursuant to the Court's diversity jurisdiction. 28 U.S.C. § 1332(a).

On January 12, 2022, Plaintiff's deposition was taken. Defendant's Exhibit A at 2. During his deposition, when asked if he was bringing a race discrimination claim, he responded, "I mean, I'm going to have to say no because it wasn't me saying that. I didn't feel he did it over race. He did it over sex." *Id.* at 54.

**Discussion**

8

Race and Color Discrimination—Counts I and II

Plaintiff alleges race (Count I) and color discrimination (Count II) under the MHRA. Defendant argues it is entitled to summary judgment on both claims because Plaintiff did not exhaust his administrative remedies.

In order to pursue a claim under the MHRA, the statute requires that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice" must file a charge of discrimination "which shall state the name and address of the person alleged to have committed the unlawful practice and which shall set forth the particulars thereof." Mo. Rev. Stat. § 213.075(1). In addition, a "claimant must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter." *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994) (citing Mo. Rev. Stat. §§ 213.075, 213.111(1)). Failure to do so requires dismissal. *Gillespie v. Charter Communications*, 31 F. Supp. 3d 1030, 1033 (E.D. Mo. 2014), citing *Holland v. Sam's Club*, 487 F.3d 641, 643-44 (8th Cir. 2007) "[A]dministrative remedies are deemed exhausted as to all incidents of discrimination that are like or reasonably related to the allegations of the administrative charge." *Williams v. City of Kansas City,* 641 S.W.3d 302, 319 (Mo. App. 2021) (quoting *Kerr v. Mo. Veterans Comm'n*, 537 S.W.3d 865, 875 (Mo. App. 2017)). "A claim is 'like or

9

reasonably related' to the charge of discrimination if there is a factual relationship between them." *Id*. (quotation omitted).

In Plaintiff's MHRA COD, he checked the boxes stating that Defendant discriminated against him because of (1) sex and (2) retaliation, but did not check the box for either color or race discrimination. Plaintiff stated he believed he was demoted and treated differently out of retaliation for complaining about sexual harassment and racial discrimination, and believes he was demoted due to his sex.

Although provided an opportunity to indicate on the charge that the alleged discrimination was based on race and color, Plaintiff did not check the designated box indicating such. Nor did Plaintiff assert facts in the charge which could reasonably give rise to a claim of race and color discrimination. Even though Plaintiff asserted in the COD that the protected activity for which he was allegedly retaliated against was based on a previous complaint of race discrimination, Plaintiff made no allegations indicative of race or color discrimination upon which he sought relief in the current COD. Plaintiff's COD statements are consistent with the "retaliation" and "sex" boxes he checked on his COD form. Additionally, during Plaintiff's deposition, discussed in the uncontroverted facts above, he confirmed he was *not* bringing a race discrimination claim.

Plaintiff argues he did exhaust his administrative remedies because his COD involves continuing violations. However, as Defendant correctly points out the

10

continuing violations doctrine is not relevant here as it prevents otherwise time-barred acts. This does not relieve the requirement that Plaintiff's COD must "be sufficient to give the employer notice of the subject matter of the charge and identify generally the basis for a claim." *Malone v. Ameren UE*, 646 F.3d 512, 516 (8th Cir. 2011).

The undisputed evidence shows that Plaintiff's current claims of race or color discrimination were never presented to, or investigated by, any administrative agency. Plaintiff presents no argument or evidence demonstrating that his current claims of race or color discrimination is like or reasonably related to any claim raised in his COD or considered by the agency such that the claim should be considered exhausted. *See, e.g., Tyler v. University of Ark. Bd. of Trustees*, 628 F.3d 980, 989 (8th Cir. 2011) (failed to exhaust administrative remedies because Plaintiff did not check sex discrimination box on COD form and facts not reasonably related to claims); *Shockley v. City of St. Louis,* No. 4:10CV638 FRB, 2011 WL 4369394, at *4 (E.D. Mo. Sept. 19, 2011) (finding failure to exhaust administrative remedies because sex discrimination box was not checked or facts alleged to reasonably rise to claim); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222-223 (8th Cir. 1994) (administrative remedies not exhausted when checked box marked "retaliation" on COD form while leaving "race" box empty).

11

Therefore, the Court determines that he has failed to exhaust his administrative remedies with respect to any purported race or color discrimination claims. Therefore, Defendant's is entitled to summary judgment as to Counts I and II.

<u>Sex Discrimination—Count III</u>

It appears Plaintiff's sex discrimination claim (Count III) is timely and exhausted. The MHRA makes it an unlawful employment practice for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, national origin, sex, ancestry, age or disability." Mo. Rev. Stat. § 213.055.1(1)(a). Federal courts "primarily apply Missouri law but may also apply federal employment discrimination law to the extent federal law is 'applicable and authoritative under the MHRA.'" *Heuton v. Ford Motor Co.*, 930 F.3d 1015, 1019 (8th Cir. 2019) (citation omitted).

For an MHRA sex discrimination claim relying on indirect evidence, Plaintiff carries the initial burden to establish a *prima facie* case. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973). "To establish a *prima facie* case of sex discrimination in the workplace, the employee must satisfy four elements: (1) he was a member of a protected class; (2) he was qualified to perform her job; (3) he suffered an adverse employment action; and (4) he was treated

12

differently from similarly situated females." *Buchheit, Inc. v. Missouri Commission on Human Rights*, 215 S.W.3d 268, 277 (Mo. Ct. App. 2007). If Plaintiff succeeds, the burden shifts to Defendant to articulate "a legitimate, nondiscriminatory reason for its actions." *Johnson v. Securitas Sec. Servs. USA, Inc.,* 769 F.3d 605, 611 (8th Cir. 2014). If Defendant articulates its non-discriminatory reason, "the burden shifts back to the employee, who must then prove the employer's asserted reason was merely pretext for discrimination." *Id.*

Following the MHRA's 2017 amendment, effective August 28, 2017, "an employer violates the MHRA if the employee's protected status was the motivating factor in an adverse employment action." *Bram v. AT&T Mobility Servs.*, LLC, 564 S.W.3d 787, 794 (Mo. Ct. App. 2018); Mo. Rev. Stat. § 213.010(2) (2017); Mo. Rev. Stat. § 213.101(4) (2017) (amended statute expressly abrogating previous case law relating to the "contributing factor" standard). "This new standard is analogous to the one used in employment discrimination claims under federal law, and imposes a higher burden upon the employee than the prior 'contributing factor' standard." *Bram,* 564 S.W.3d at 794-95.

Defendant argues Plaintiff cannot make a *prima facie* case of sex discrimination in the workplace. Plaintiff's arguments in his response do not apply the correct standard. Plaintiff applied the cases of *Daugherty v. City of Maryland*

13

*Heights*, 231 S.W.3d 814, 818 (Mo. 2007) and its progeny, which has not been the standard in Missouri since the 2017 statutory amendment.

Plaintiff's sex discrimination claim fails under the third element because he has not suffered an adverse employment action. An adverse employment action is "'a tangible change in working conditions that produces a material employment disadvantage.'" *Wedow v. City of Kansas City, Mo.,* 442 F.3d 661, 671 (8th Cir.2006), quoting *Sallis v. Univ. of Minn.,* 408 F.3d 470, 476 (8th Cir.2005). Some employment actions, such as "'changes in the terms, duties, or working conditions that cause no materially significant disadvantage to the employee ... or disappointment with changes in one's employment situation,'" are simply not adverse. *Saulsberry v. St. Mary's Univ. of Minn.*, 318 F.3d 862, 868 (8th Cir.2003) (*quoting Sowell v. Alumina Ceramics, Inc.,* 251 F.3d 678, 684 (8th Cir.2001)). Even if an employee is forced to change positions, resulting in an "'alteration of job responsibilities,'" the employee must still show a significant change in employment status. *Box v. Principi*, 442 F.3d 692, 696 (8th Cir.2006) (quotation omitted); *See Also, Ledbetter v. Alltel Corporate Servs.,* Inc., 437 F.3d 717, 724 (8th Cir.2006) (adverse employment actions "include[ ] decisions such as failing to promote, or reassigning an employee to a position with significantly different responsibilities"). A "'[m]ere inconvenience without any decrease in title, salary,

14

or benefits' or that results in minor changes in working conditions does not meet this standard.'" *Wedow*, 442 F.3d at 671 (quoting *Sallis*, 408 F.3d at 476).

  Plaintiff has not offered any evidence to show there was an adverse employment action, and even if he had, he offers nothing to support his assertion that protected status was the motivating factor in his alleged adverse employment action. Plaintiff only offered his two-page self-serving conclusory affidavits that he "strongly believes" he was demoted because of race, sex and color discrimination and Phillips used racial slurs. *See, e.g., LeGrand v. Area Res. for Cmty. & Human Servs.*, 394 F.3d 1098, 1101–02 (8th Cir. 2005) (finding that "to be actionable, conduct must be extreme and not merely rude or unpleasant"); *Woods v. Wills*, 400 F. Supp. 2d 1145, 1162 n. 7 (E.D. Mo. 2005) ("The Court therefore does not consider statements...which merely constitute personal opinions as opposed to facts."); *Duncan v. Gen. Motors Corp.*, 300 F.3d 928, 933–34 (8th Cir. 2002) (finding five harassing incidents did not meet the standard necessary to be actionable); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986), quoting Fed. R. Civ. P. 56(e) (holding that in response to the proponent's showing, the opponent's burden is to "come forward with 'specific facts showing that there is a genuine issue for trial.'"); *Armour and Co., Inc. v. Inver Grove Heights*, 2 F.3d 276, 279 (8th Cir. 1993) (self-serving, conclusory statements without support are insufficient to defeat summary judgment).

The uncontroverted facts show that Plaintiff was hired as a driver, not a dispatcher. Plaintiff was only assigned to dispatch work, temporarily, as a light duty workers' compensation accommodation. Once Plaintiff's light duty restrictions ended, he returned to the position of a driver, which was the job he was hired to do. He never received a promotion letter or anything that indicated he was being promoted to a dispatcher. He was never demoted from a dispatcher to a driver nor promoted from a driver to a dispatcher. Even if Plaintiff had been offered a job as a dispatcher from a driver, it is a lateral move and not a promotion. In fact, the positions pay the same. Further, Defendant ultimately eliminated the dispatcher position. Examples of material employment disadvantages include " ' "[t]ermination, reduction in pay or benefits, and changes in employment that significantly affect an employee's future career prospects." ' " *Okruhlik v. Univ. of Ark.,* 395 F.3d 872, 879 (8th Cir. 2005), quoting *Duncan v. Delta Consol. Indus.,* 371 F.3d 1020, 1026 (8th Cir. 2004) (citations omitted). Because Plaintiff cannot make a *prima facie* case of sex discrimination in the workplace, the inquiry ends here. Therefore, there are no genuine issues of material fact, and Defendant is entitled to summary judgment on Count III.[3]

## Conclusion

---

[3] Because Defendant is entitled to summary judgment on the merits, the Court will not address the arguments made regarding partial summary judgment on damages.

Based on the foregoing analysis, Defendant is entitled to summary judgment on each of Plaintiff's claims.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [Doc. No. 68] is **GRANTED**.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 6th day of October, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE